Tim E. Dailey, Esq.
MILODRAGOVICH, DALE,
& STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Fax No: (406) 549-7077
tdailey@bigskylawyers.com
*Attorney for Plaintiffs*

**FILED**

SEP 29 2021

ANGIE SPARKS, Clerk of District Court
By _____ Deputy Clerk

**INDEXED**

## MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

| | |
|---|---|
| JAMES BRODOWY and MARGARET BRODOWY, <br><br> Plaintiffs, <br><br> -v- <br><br> PROGRESSIVE DIRECT INSURANCE COMPANY, d/b/a PROGRESSIVE DIRECT AUTO, and JOHN DOES I-V, <br><br> Defendants. | Dept. ___ <br><br> Cause No. DDV-2021-945 <br><br> **COMPLAINT AND JURY DEMAND** |

COME NOW Plaintiffs James Brodowy and Margaret Brodowy (collectively "the Brodowys"), by and through undersigned counsel, and hereby allege the following in support of their Complaint:

### PARTIES

1. Plaintiff James Brodowy ("Jim") is and was at all times relevant to this Complaint a citizen of the State of Montana, residing in Lewis and Clark County.

2. Plaintiff Margaret Brodowy ("Margie") is and was at all times relevant to this Complaint a citizen of the State of Montana, residing in Lewis and Clark County.

3. Defendant Progressive Direct Insurance Company, d/b/a Progressive Direct Auto ("Progressive") is a corporation organized and existing under the laws of the State of Ohio, and whose agents are licensed to conduct business in Montana, which includes providing insurance products to customers, including automobile liability coverage.

4. Defendants John Does I-V may include, among other potential parties, individuals

COMPLAINT AND JURY DEMAND - Page 1

1  or entities other than the named Defendant that are liable to the Plaintiffs for the facts and
2  circumstances set forth herein.

### JURISDICTION AND VENUE

5. The Brodowys re-allege and re-state the allegations contained in paragraphs 1 through 4, as if set forth herein.

6. Jurisdiction for this action is proper with this Court.

7. Venue for the action is proper with this Court.

### FACTS COMMON TO ALL CLAIMS

8. The Brodowys re-allege and re-state the allegations contained in paragraphs 1 through 7, as if set forth herein.

9. On September 24, 2019, Jim was driving his motorcycle westbound on Custer Avenue en route to his job at Tire-Rama in in Helena, Montana.

10. Progressive's insured KayDe Burkstrand ("Burkstrand") was driving her vehicle eastbound on Custer Avenue.

11. Burkstrand attempted to make a left turn onto York Road but failed to yield to Jim's oncoming motorcycle as he approached the intersection.

12. Burkstrand's vehicle collided with Jim's motorcycle, causing Jim to be ejected over the front handlebars and land several feet away from the collision.

13. Jim was taken to the local hospital, after which he was taken via Life Flight to the University of Utah Hospital in Salt Lake City, Utah.

14. As a result of the accident, Jim is now paralyzed from the abdomen down without the potential for significant recovery.

15. Since the accident, Margie has had to become the sole earner while also being Jim's primary caretaker, which has caused tremendous physical and emotional distress to her.

16. Burkstrand's insurance policy with Progressive had liability coverage of $25,000.00 per person and $50,000.00 per accident.

17. In the early adjustment of the claim, Progressive misrepresented the available limits of coverage and attempted to have both Jim and Margie release their rights for a single-

person limit.

18. Progressive presented Margie with a release that if she had signed would have released her individual claims without any compensation or consideration.

19. Once Jim and Margie retained counsel, Progressive paid both Jim and Margie each a per person limit of $25,000.00 for a total of $50,000.00.

## COUNT I
### Unfair Claims Practices Act

20. The Brodowys re-allege and re-state the allegations contained in paragraphs 1 through 19, as if set forth herein.

21. Progressive's conduct has violated Montana's Unfair Trade Practices Act ("UTPA") codified in Montana Code Annotated § 33-18-101 *et seq.*

22. The Brodowys have been damaged by Progressive's violation of their obligations under the UTPA in an amount to be determined at trial.

## COUNT II
### Common Law Insurance Bad Faith

23. The Brodowys re-allege and re-state the allegations contained in paragraphs 1 through 22, as if set forth herein.

24. To the extent not preempted by the UTPA, insurers have a common law duty of good faith in Montana. Where an insurer has breached that duty, a claimant has a common law bad faith claim against that insurer.

25. Progressive has taken the position that the UTPA does not apply to Margie's claim because the conduct at issue was prior to Margie making a formal claim.

26. While Plaintiffs disagree with such position, even if Progressive's contention had merit, then Progressive would still have had a common law duty of good faith in dealing with Margie.

27. Progressive's conduct amounts to a breach of its common law duties to the Brodowys, meaning it engaged in common law insurance bad faith.

28. The Brodowys have been damaged by Progressive's common law insurance bad

COMPLAINT AND JURY DEMAND - Page 3

1  faith and are entitled to damages in an amount to be determined at trial.

## COUNT III
### Breach of Covenant of Good Faith and Fair Dealing

29. The Brodowys re-allege and re-state the allegations contained in paragraphs 1 through 28, as if set forth herein.

30. To the extent not preempted by the UTPA, a covenant of good faith and fair dealing was implied at all times in the transactions between Progressive and the Brodowys.

31. Progressive has taken the position that the UTPA does not apply to Margie's claim because the conduct at issue was prior to Margie making a formal claim.

32. While Plaintiffs disagree with such position, even if Progressive's contention had merit, then Progressive would still have had a duty of good faith and fair dealing with respect to Margie.

33. Progressive's breach of the covenant of good faith and fair dealing has caused damages to the Brodowys in an amount to be determined at trial.

## COUNT IV
### Punitive Damages

34. The Brodowys re-allege and re-state the allegations contained in paragraphs 1 through 33, as if set forth herein.

35. Progressive had knowledge of facts that created a high probability of injury to the Brodowys and proceeded to act in a conscious or intentional disregard of the high probability of injury to the Brodowys.

36. Progressive's conduct amounts to actual malice, which is subject to punitive damages under Mont. Code Ann. § 27-1-221 in an amount sufficient to punish Progressive and serve as a warning to other similarly situated persons and entities that such conduct is unacceptable.

### PRAYER FOR RELIEF

WHEREFORE, the Brodowys pray for judgment against Progressive as follows:

1. For damages as allowed under Montana law resulting from Progressive's conduct;

2. For punitive damages as allowed by Montana law; and

3. For such other further relief the Court deems just and proper.

DATED this 24 day of September, 2021.

MILODRAGOVICH, DALE<br>
& STEINBRENNER, P.C.<br>
*Attorneys for Plaintiffs*

By: _____
Tim E. Dailey

## JURY DEMAND

The Brodowys demand a jury trial on all issues so triable.

DATED this 24 day of September, 2021.

MILODRAGOVICH, DALE<br>
& STEINBRENNER, P.C.<br>
*Attorneys for Plaintiffs*

By: _____
Tim E. Dailey